UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTRA-CELLULAR THERAPIES, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>AUROBINDO PHARMA LTD., et al.,<br><br>*Defendants*. | Civil Action No. 3:24-04264 (MAS)-(JBD) (Consolidated) |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to Local Patent Rule 4.3, the Scheduling Orders in these consolidated cases (D.I. 43; D.I. 63; D.I. 98; and D.I. 160), and the Court's Order (D.I. 171), Plaintiff Intra-Cellular Therapies, Inc. ("Plaintiff") and Defendants Aurobindo Pharma USA, Inc., Aurobindo Pharma Limited (collectively, "Aurobindo"), Alkem Laboratories Ltd. ("Alkem"), Dr. Reddy's Laboratories Inc., Dr. Reddy's Laboratories Ltd. (collectively, "DRL"), MSN Laboratories Private Limited ("MSN"), Zydus Pharmaceuticals (USA) Inc., and Zydus Lifesciences Limited (collectively, "Zydus") (all collectively, "Defendants") hereby submit their Joint Claim Construction and Prehearing Statement ("Statement").

This Hatch-Waxman case arises out of Defendants' submissions of Abbreviated New Drug Application ("ANDAs") to the U.S. Food and Drug Administration seeking approval to market generic versions of CAPLYTA® (lumateperone tosylate) prior to the expiration of U.S. Patent No. 10,464,938 ("the '938 patent"); U.S. Patent No. 8,648,077 ("the '077 patent"); U.S. Patent No. 9,199,995 ("the '995 patent"); U.S. Patent No. RE48,825 ("the RE'825 patent"); U.S. Patent No. RE48,839 ("the RE'839 patent"); U.S. Patent No. 9,168,258 ("the '258 patent"); U.S.

Patent No. 9,616,061 ("the '061 patent"); U.S. Patent No. 10,117,867 ("the '867 patent"); U.S. Patent No. 9,956,227 ("the '227 patent"); U.S. Patent No. 10,960,009 ("the '009 patent"); U.S. Patent No. 11,026,951 ("the '951 patent"); U.S. Patent No. 12,070,459 ("the '459 patent"); U.S. Patent No. 12,128,043 ("the '043 patent"); U.S. Patent No. 11,980,617 ("the '617 patent"); U.S. Patent No. 12,090,155 ("the '155 patent"); U.S. Patent No. 11,753,419 ("the '419 patent"); and U.S. Patent No. 12,122,792 ("the '792 patent") (collectively, "the Asserted Patents"). The claims being asserted against Defendants ("the Asserted Claims") are summarized in the below table.

| U.S. Patent No. | Defendant (s) | Asserted Claims |
|---|---|---|
| 10,464,938 | DRL | 1, 3-5, 7, 8, 10-12 |
| 8,648,077 | DRL | 1-27 |
| 9,199,995 | DRL | 1-14 |
| RE48,825 | DRL | 1-23 |
| RE48,839 | All Defendants | 1-7, 14, 15, 27, 28, 30-33, 35, 36 |
| 9,168,258 | DRL | 1, 3, 6, 7, 12, 13 |
| 9,616,061 | DRL | 1, 3, 4, 6, 7, 12-17, 21 |
| 10,117,867 | DRL | 1-11, 15 |
| 9,956,227 | All Defendants | 1-8, 12, 15-22 |
| 10,960,009 | All Defendants | 1-19 |
| 11,026,951 | All Defendants | 1-24 |
| 12,070,459 | All Defendants | 1-2, 4, 9-28 |
| 12,128,043 | Alkem | 1-10, 14, 16, 18-19, 21, 24-25, 27, 29 |
| | Aurobindo | 1-3, 5-11, 19, 21, 24-25, 28-29 |
| | DRL | 1-10, 14, 18-19, 21, 24-25, 27, 29 |
| | MSN | 1-10, 13, 18-19, 24-25, 27, 29 |
| | Zydus | 1-10, 14, 16-19, 21, 23-25, 27, 29 |
| 11,980,617 | All Defendants | 1-2, 5-7, 9-11, 14-17, 19-22, 25-32, 34 |
| 12,090,155 | All Defendants | 1-27 |
| 11,753,419 | All Defendants | 1-4 |
| 12,122,792 | DRL and Aurobindo | 1-7, 13-14, 17-19, 21-24, 26, 28-35 |
| | Alkem, MSN, and Zydus | 1-4, 13-14, 17-19, 21-24, 26, 28-30, 34-35 |

Pursuant to Local Patent Rule 4.1, on June 11, 2025, the parties exchanged proposed terms for construction for the Asserted Claims. Pursuant to Local Patent Rules 4.2(a)-(b), on June 25, 2025, the parties exchanged preliminary claim constructions and identified intrinsic as well as extrinsic evidence in support of their preliminary claim constructions for the Asserted Claims. On July 3, 2025, Defendants served a Supplemental Disclosure Pursuant to Local Patent Rules 4.2(a), (b). Pursuant to Local Patent Rule 4.2(c), on July 8, 2025, the parties exchanged intrinsic and extrinsic evidence that they may rely upon to oppose any other party's proposed constructions. Throughout these exchanges, and continuing throughout the filing of this Statement, the parties have met and conferred in good faith to narrow the issues and narrow the number of disputed claim terms. The parties have reached the following agreements:

1. The parties agreed to stipulate to the claim constructions identified in **Exhibit A** attached hereto.

2. For the purposes of *Markman* proceedings in this case, the parties dispute only the claim term identified in **Exhibit B** attached hereto.

3. It is the parties' understanding that the Court's preference is to hear indefiniteness arguments at trial, rather than at *Markman*, and the parties agreed not to raise any issues relating to indefiniteness as to any claim term during *Markman* proceedings. Defendants identified the claim terms identified in **Exhibit C** as indefinite solely to preserve their right to assert that these terms are indefinite after *Markman* proceedings, and Defendants expressly reserve the right to argue that these terms are indefinite at trial. Defendants identify a number of terms in **Exhibit C** that were not identified as indefinite in their January 28, 2025, Invalidity Contentions. Plaintiff reserves all rights to assert that Defendants have waived any indefiniteness arguments for such

terms and are therefore precluded from arguing at trial for the indefiniteness of those terms. Plaintiff further reserves the right to propose constructions for any claim terms identified in **Exhibit C** attached hereto, including that any such terms should be construed according to their plain and ordinary meaning, in the event Defendants raise indefiniteness arguments with respect to any such terms at a later date.  Should Plaintiff later propose a construction for any of the claim terms identified in **Exhibit C**, Defendants reserve their right to oppose such a construction.

**I.      Construction of Patent Terms**

    **A.      Agreed-Upon Constructions**

Pursuant to Local Patent Rule 4.3(a), the parties agree to the construction of the terms set forth in **Exhibit A** for the purposes of this action.

    **B.      Disputed Construction**

Pursuant to Local Patent Rule 4.3(b), attached hereto as **Exhibit B** is a claim chart identifying the claim term in dispute and the parties' proposed constructions.  **Exhibit B** further lists the intrinsic and extrinsic evidence identified by each party for purposes of supporting of that party's proposed construction or opposing the other party's proposed construction.  The listing of intrinsic and extrinsic evidence in **Exhibit B** is not an admission by either party that such evidence is appropriate intrinsic and/or extrinsic evidence, and each party reserves the right to object to the other party's reliance on such evidence, including under the Local Patent Rules.

    **C.      Claim Terms Whose Construction Will Be Most Significant to the Resolution of the Case**

Pursuant to Local Patent Rule 4.3(c), Plaintiff's position is that the construction of the disputed term will not be case dispositive or substantially conducive to promoting settlement.

Defendants contend that the disputed claim term will be significant to the resolution of the case. The construction of the term "a dose which selectively blocks the 5-HT$_{2A}$ receptor" is particularly significant, as this term relates to non-infringement.

### D. Anticipated Length of Time Necessary for the Claim Construction Hearing

Pursuant to Local Patent Rule 4.3(d), the parties anticipate and respectfully request 120 minutes, split evenly between the sides, for the Claim Construction Hearing. To the extent the Court allocates a different amount of time for the hearing, the parties respectfully request that the allocated time be split evenly between the sides.

### E. Identification of Witnesses for the Claim Construction Hearing

Pursuant to Local Patent Rule 4.3(e), Defendants have identified an expert witness in **Exhibit B** that they may rely on, and therefore, may be called at the Claim Construction Hearing.

Pursuant to Local Patent Rule 4.3(e), Plaintiff has identified an expert witness in **Exhibit B** that it may rely on—and that therefore may be called at the Claim Construction Hearing—to respond to any testimony by Defendants' expert witness.

Dated August 13, 2025

| | |
|---|---|
| By: *s/ James S. Richter* <br> James S. Richter <br> MIDLIGE RICHTER, LLC <br> 645 Martinsville Road <br> Basking Ridge, New Jersey 07920 <br> (908) 626-0622 <br><br> OF COUNSEL: <br> William A. Rakoczy <br> Paul J. Molino <br> Kevin E. Warner <br> Eric R. Hunt | By: *s/Bradley A. Suiters* <br> Keith J. Miller <br> Michael J. Gesualdo <br> Bradley A. Suiters <br> ROBINSON MILLER LLC <br> Ironside Newark <br> 110 Edison Place, Suite 302 <br> Newark, NJ 07102 <br> (973) 690-5400 <br><br> OF COUNSEL: <br> David I. Berl |

Matthew V. Anderson
Dylan G. Sacenti
Wojciech K. Jankiewicz
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

*Attorneys for Defendants Dr. Reddy's Laboratories Inc. and Dr. Reddy's Laboratories Ltd.*

By: *s/ Alan S. Golub*
Alan S. Golub
FEIN SUCH KAHN & SHEPARD, P.C.
6 Campus Drive, Suite 304
Parsippany, NJ 07054
(973) 538-4700

OF COUNSEL:
Dennies Varughese, Pharm.D.
Sasha S. Rao
Alexander V. Alfano
Christopher Coleman
Ryan N. Kaiser
STERNE KESSLER GOLDSTEIN
   & FOX, P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, D.C. 20005
(202) 371-2600

*Attorneys for Defendants Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc.*

By: *s/ Theodora McCormick*
Theodora McCormick
Lauren B. Cooper
Alec Wong
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Office One
4365 Route 1 South
Suite 301

Ellen E. Oberwetter
Elise M. Baumgarten
Adam Pan
Richard Hildreth
Christian J. Gladden-Sorensen
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

*Attorneys for Plaintiff Intra-Cellular Therapies, Inc.*

By: *s/ R Touhey Myer*
R Touhey Myer
KRATZ & BARRY LLP
800 N. West Street
Wilmington, DE 19801
(302) 527-9378

OF COUNSEL:
Timothy H. Kratz
George J. Barry III
KRATZ & BARRY LLP
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
(404) 431-6600

Michael P. Hogan
KRATZ & BARRY LLP
P.O. Box 63765
622 S. 4th Street
Philadelphia, PA 19147 (917) 216-8585

*Attorneys for Defendant Alkem Laboratories Ltd.*

By: s/ *James S. Richter*
James S. Richter
MIDLIGE RICHTER, LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622

6

| | |
|---|---|
| Princeton, New Jersey 08540<br>(609) 490-4860<br><br>OF COUNSEL:<br>Michael J. Gaertner (admitted *pro hac vice*)<br>James T. Peterka (admitted *pro hac vice*)<br>Timothy F. Peterson (admitted *pro hac vice*)<br>David M. Knapp (admitted *pro hac vice*)<br>Leah M. Brackensick (admitted *pro hac vice*)<br>Hannah J. Thomas (admitted *pro hac vice*)<br>BUCHANAN INGERSOLL & ROONEY PC<br>150 North Riverside Plaza<br>Suite 2800<br>Chicago, Illinois 60606<br>(312) 261-8777<br><br>*Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Ltd.* | OF COUNSEL:<br>William A. Rakoczy<br>Paul J. Molino<br>Kevin E. Warner<br>Eric R. Hunt<br>Matthew V. Anderson<br>Dylan G. Sacenti<br>Wojciech K. Jankiewicz<br>RAKOCZY MOLINO MAZZOCHI SIWIK LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, Illinois 60654<br>(312) 527-2157<br><br>*Attorneys for Defendant MSN Laboratories Private Ltd.* |

**Exhibit A – Stipulated Claim Constructions**

| No. | Patent(s) / Claim(s) | Claim Term(s) | Agreed-Upon Construction |
|---|---|---|---|
| 1 | '617 Patent, claims 1-2, 5-7, 9-11, 14-17, 19-22, 25-32, and 34; and '792 Patent, claims 19 and 21-24. | "acute depression" | the initial period of what may be a brief or a chronic episode of depression |
| 2 | '617 Patent, claims 19, 27-28, 31, and 34; and '792 Patent, claim 21. | "acute major depressive episode" | the initial period of a major depressive episode |
| 3 | '617 Patent, claims 19, 27-28, 31, and 34; and '792 Patent, claim 21. | "acute recurrent brief depressive episode" | the initial period of a recurrent brief depressive episode |
| 4 | '617 Patent, claims 19, 27-28, 31, and 34; and '792 Patent, claim 21. | "acute short-duration depressive episode" | the initial period of a short-duration depressive episode |

**Exhibit B – Disputed Constructions and Evidence Identified Under Local Patent Rules 4.2(b) and 4.2(c)**

| No | Patent / Claim(s) | Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|---|
| 1 | RE'839 Patent, claims 1-7, 14, 15, 27, 28, 30-33, 35, and 36. | "a dose which selectively blocks the 5-$HT_{2A}$ receptor" | plain and ordinary meaning, *i.e.*, a dose which blocks the 5-$HT_{2A}$ receptor to a greater degree than other receptors, including $D_2$, SERT, $\alpha 1A$, 5-$HT_{2C}$, and H1 receptors | "a dose that is sufficient to block the 5-$HT_{2A}$ receptor and does not block another receptor or minimally blocks another receptor" |

I.   **Plaintiff's Identification of Evidence**

   A.   **Plaintiff's Identification of Intrinsic and Extrinsic Evidence in Support of Plaintiff's Proposed Construction**

      1.   **Intrinsic Evidence**

- RE '839 patent, abstract, 1:28-39, 2:17-12:30, 13:1-22, 13:46-16:3, 18:20-20:45, 21:26-62, 22:35-29:6, tables 1-2, cls. 1-37
- U.S. Prov. Appl. No. 61/056,433, abstract, ¶¶ 1, 4-13, 18-19, 22-25, 27, 31-35, tables 1-2, cls. 1-18
- U.S. Prov. Appl. No. 61/155,032, abstract, ¶¶ 1, 4-16, 21-23, 27-44, 54, 58-80, tables 1-2, cls. 1-35
- Preliminary Amendment at 1-11, U.S. Appl. No. 12/994,560 (Nov. 24, 2010)
- Requirement for Restriction/Election at 1-6, U.S. Appl. No. 12/994,560 (Oct. 5, 2012)
- Response to Restriction Requirement at 1-3, U.S. Appl. No. 12/994,560 (Nov. 5,2012)
- Non-final Rejection at 1-20, U.S. Appl. No. 12/994,560 (Jan. 11, 2013)
- Amendment and Response at 1-19, U.S. Appl. No. 12/994,560 (May 13, 2013)
- Response to Notice of Non-compliant Amendment at 1-10, U.S. Appl. No. 12/994,560 (May 22, 2013)
- Notice of Allowance at 1-4, U.S. Appl. No. 12/994,560 (July 29, 2013)
- Examiner-Initialed Amendment at 1-8, U.S. Appl. No. 12/994,560 (July 29, 2013)
- Notice of Allowability & Examiner-Initiated Interview Summary at 1-4, U.S. Appl. No. 12/994,560 (July 22, 2013)
- Application for Patent Term Extension at 1-15, Ex A, U.S. Appl. No. 12/994,560 (Feb. 13, 2020)
- Preliminary Amendment in Reissue Application at 1-12, U.S. Appl. No. 12/994,560 (Feb. 6, 2020)
- Petition to Update Application for Patent Term Extension at 1-10, U.S. Appl. No. 12/994,560 (Jan. 6, 2022)
- Preliminary Amendment in Reissue Application at 1-12, U.S. Appl. No. 16/784,112 (Feb. 6, 2020)

**Exhibit B – Disputed Constructions and Evidence Identified Under Local Patent Rules 4.2(b) and 4.2(c)**

- Reissue Application Declaration at 1-3, U.S. Appl. No. 16/784,112 (Feb. 6, 2020)
- Non-final Rejection at 1-6, U.S. Appl. No. 16/784,112 (July 7, 2021)
- Response to Office Action in Reissue Application at 1-12, U.S. Appl. No. 16/784,112 (July 20, 2021)
- Notice of Allowance & Notice of Allowability at 1-5, U.S. Appl. No. 16/784,112 (Aug. 11, 2021)
- U.S. Patent No. 6,548,493
- U.S. Patent No. 6,552,017
- U.S. Patent No. 6,713,471
- U.S. Patent No. 7,071,186
- U.S. Patent No. 7,081,455
- U.S. Patent No. 7,183,282
- U.S. Patent No. 7,238,690
- U.S. Patent No. RE39,679
- U.S. Patent No. RE39,680
- WO 00/77002
- US2004/0220178
- U.S. Patent No. 7,645,752

  2.   **Extrinsic Evidence**

- Dov Aizenberg et al., *Mianserin, a 5-HT2a/2c and α2 Antagonist, in the Treatment of Sexual Dysfunction Induced by Serotonin Reuptake Inhibitors*, 20 Clinical Neuropharmacology 210 (1997)
- Pierre Blier & Nick M. Ward, *Is There a Role for 5-HT1A Agonists in the Treatment of Depression?*, 53 Biological Psychiatry 193 (2003)
- Wayne E. Childers Jr. & Albert J. Robichaud, *Recent Advances in Selective Serotonergic Agents*, 40 Annual Reports in Med. Chem. 17 (2005)
- Shitij Kapur & Gary Remington, *Dopamine D2 Receptors and Their Role in Atypical Antipsychotic Action: Still Necessary and May Even Be Sufficient*, 50 Biological Psych 873 (2001)
- Taekyu Lee et al., *Novel, Highly Potent, Selective 5-HT2A/D2 Receptor Antagonists as Potential Atypical Antipsychotics*, 13 Bioorganic & Med. Chem. Letters 767 (2003)
- J.E. Leysen, *5-HT2 Receptors*, 3 Current Drug Targets - CNS & Neurological Disorders 11 (2004)
- Michael J. Owens, *Selectivity of Antidepressants: From the Monoamine Hypothesis of Depression to the SSRI Revolution and Beyond*, 65 J. Clinical Psych. 5 (2004)
- Bryan L. Roth et al., *Activation Is Hallucinogenic and Antagonism Is Therapeutic: Role of 5-HT2A Receptors in Atypical Antipsychotic Drug Actions*, 5 Neuroscientist 254 (1999)
- Philip Seeman, *Targeting the Dopamine D2 Receptor in Schizophrenia*, 10 Expert Op. Ther. Targets 515 (2006)

**Exhibit B – Disputed Constructions and Evidence Identified Under Local Patent Rules 4.2(b) and 4.2(c)**

- Philippe Truffinet et al., *Placebo-Controlled Study of the D4/5-HT2A Antagonist Fananserin in the Treatment of Schizophrenia*, 156 Am. J. Psych. 419-25 (1999)
- Aurobindo's Paragraph IV Notice Letter (Feb. 12, 2024)
- DRL's Paragraph IV Notice Letter (Feb. 16, 2024)
- MSN's Paragraph IV Notice Letter (Feb. 16, 2024)
- Zydus's Paragraph IV Notice Letter (Dec. 18, 2024)
- Defendants' non-infringement contentions as to claims 1, 28, and 31 of the RE '839 patent
- To the extent that any reference identified by Plaintiff in *supra* Ex. A § I.A.1 as intrinsic evidence is not considered intrinsic evidence, Plaintiff contends that such reference is extrinsic evidence.

B. **Plaintiff's Identification of Intrinsic and Extrinsic Evidence in Opposition of Defendants' Proposed Construction**

   1. **Intrinsic Evidence**

- The intrinsic evidence identified by Plaintiff in *supra* Ex. A § I.A.1.
- The intrinsic evidence identified by Defendants in *infra* Ex. A § II.A.1.
- The intrinsic evidence identified by Defendants in *infra* Ex. A § II.B.1.

   2. **Extrinsic Evidence**

- The extrinsic evidence identified by Plaintiff in *supra* Ex. A § I.A.2.
- The extrinsic evidence identified by Defendants in *infra* Ex. A § II.A.2.
- The extrinsic evidence identified by Defendants in *infra* Ex. A § II.B.2.
- Defendants' invalidity contentions as to claims 1, 28, and 31 of the RE '839 patent.
- Toprol XL Label (Feb. 27, 1992).
- Toprol XL Label (Oct. 27, 1994).
- Expert opinions and/or testimony by Dr. Pierre Blier responding to Dr. Berridge's opinions, including how a person of ordinary skill in the art ("POSA") would have read and understood the identified claim phrase based on the intrinsic and extrinsic evidence, including:
  - A response to Defendants' description of the technical background of the Asserted Patents and claims;
  - A response to Defendants' analysis of the qualifications and knowledge of a POSA;
  - A response to Defendants' analysis of how a POSA would understand the claim phrase in the context of pharmacology, neuropharmacology, and related fields, including, for example, responsive testimony on the scope and nature of the relevant art;
  - Defendants' construction is inconsistent with the specification's description of the claimed inventions;

**Exhibit B – Disputed Constructions and Evidence Identified Under Local Patent Rules 4.2(b) and 4.2(c)**

- o Defendants' construction rewrites the claim language in defiance of the specification's teachings;
- o Defendants' construction is inconsistent with the claims in the context of the patent family, including the patent itself, the related patents, and their respective claims;
- o Defendants' construction is inconsistent with the prosecution history and the prosecution history of the related patents in the family;
- o Defendants' construction is inconsistent with the specification's teachings, the prosecution history's acknowledgement, and the POSA's understanding that "selectivity" does not require "exclusivity" and that binding to multiple receptors or transporters can be beneficial for treatment of neuropsychiatric disorders;
- o the scientific literature supports that a POSA would understand "a dose which selectively blocks the $5\text{-}HT_{2A}$ receptor" to be a term of degree that does not require that other receptors are not blocked or are minimally blocked;
- To the extent that any reference identified by Plaintiff in *supra* Ex. A § I.B.1 as intrinsic evidence is not considered intrinsic evidence, Plaintiff contends that such reference is extrinsic evidence.

II. **Defendants' Identification of Evidence**

  A. **Defendants' Identification of Intrinsic and Extrinsic Evidence in Support of Defendants' Proposed Construction**

   1. **Intrinsic Evidence**

- The claims of the RE '839 patent.
- The written description of the RE '839 patent, including, for example: abstract, 1:28-39, 2:33-3:8; 3:23-56; 9:16-35; 13:1-22; 13:46-16:3; 18:20-20:45; 21:26-62; 27:60-29:6 (Example 4); tables 1-2.
- The prosecution history of the RE '839 patent (which includes the prosecution of U.S. Patent No. 8,598,119), including, for example:
    - o U.S. Prov. Appl. No. 61/056,433, including abstract, ¶¶ 1, 4-13, 18-19, 22-25, 27, 31-35, tables 1-2, cls. 1-18;
    - o U.S. Prov. Appl. No. 61/155,032, including abstract, ¶¶ 1, 4-16, 21-23, 27-44, 54, 58-80, tables 1-2, cls. 1-35;
    - o Preliminary Amendment at 1-11, U.S. Appl. No. 12/994,560 (Nov. 24, 2010);
    - o Requirement for Restriction/Election at 1-6, U.S. Appl. No. 12/994,560 (Oct. 5,2012);
    - o Response to Restriction Requirement at 1-3, U.S. Appl. No. 12/994,560 (Nov. 5,2012);
    - o Non-final Rejection at 1-20, U.S. Appl. No. 12/994,560 (Jan. 11, 2013);

**Exhibit B – Disputed Constructions and Evidence Identified Under Local Patent Rules 4.2(b) and 4.2(c)**

- o Amendment & Response Under 37 C.F.R. § 1.111, U.S. Appl. No. 12/994,560 (May 13, 2013);
- o Response to Notice of Non-compliant Amendment at 1-10, U.S. Appl. No. 12/994,560 (May 22, 2013);
- o Notice of Allowance at 1-4, U.S. Appl. No. 12/994,560 (July 29, 2013);
- o Examiner-Initialed Amendment at 1-8, U.S. Appl. No. 12/994,560 (July 29, 2013);
- o Notice of Allowability & Examiner-Initiated Interview Summary at 1-4, U.S. Appl. No. 12/994,560 (July 22, 2013);
- o Application for Patent Term Extension at 1-15, Ex A, U.S. Appl. No. 12/994,560 (Feb. 13, 2020); Preliminary Amendment in Reissue Application at 1-12, U.S. Appl. No. 12/994,560 (Feb. 6, 2020);
- o Petition to Update Application for Patent Term Extension at 1-10, U.S. Appl. No. 12/994,560 (Jan. 6, 2022).
- Preliminary Amendment at 1-9, U.S. Patent Application No. 14/066,987 (Oct. 30, 2013);
- Restriction Requirement at 1-5, U.S. Patent Application No. 14/066,987 (Apr. 10, 2014);
- Response to Restriction Requirement at 1-2, U.S. Patent Application No. 14/066,987 (June 10, 2014);
- Non-Final Rejection at 1-12, U.S. Patent Application No. 14/066,987 (Aug. 15, 2014);
- Response Under 37 C.F.R. §1.111 at 1-6, U.S. Patent Application No. 14/066,987 (Nov. 17, 2014);
- Final Rejection at 1-20, U.S. Patent Application No. 14/066,987 (Jan. 23, 2015);
- Amendment after Final Rejection at 1-11, U.S. Patent Application No. 14/066,987 (Mar. 23, 2015);
- Supplemental Amendment after Final Rejection at 1-6, U.S. Patent Application No. 14/066,987 (Apr. 10, 2015);
- Non-Final Rejection at 1-6, U.S. Patent Application No. 14/066,987 (Apr. 22, 2015);
- Examiner-Initiated Interview Summary at 1-2, U.S. Patent Application No. 14/066,987 (Apr. 22, 2015);
- Applicant-Initiated Interview Summary at 1, U.S. Patent Application No. 14/066,987 (June. 9, 2015);
- Notice of Allowability at 1, U.S. Patent Application No. 14/066,987 (June. 9, 2015);
- After-Allowance Amendment Under 37 C.F.R. 1.312 at 1-6, U.S. Patent Application No. 14/066,987 (Sept. 9, 2015);
- Preliminary Amendment at 1-9, U.S. Patent Application No. 14/855,813 (Oct. 16, 2015);
- Non-final Rejection at 1-16, U.S. Patent Application No. 14/855,813 (Dec. 2, 2015);

**Exhibit B – Disputed Constructions and Evidence Identified Under Local Patent Rules 4.2(b) and 4.2(c)**

- Response to Non-Final Office Action at 1-10, U.S. Patent Application No. 14/855,813 (Apr. 4, 2016);
- Final Rejection at 1-29, U.S. Patent Application No. 14/855,813 (July. 12, 2016);
- Response to Final Office Action at 1-12, U.S. Patent Application No. 14/855,813 (Nov. 14, 2016);
- Notice of Allowability at 1, U.S. Patent Application No. 14/855,813 (Dec. 2, 2016);
- Examiner-Initiated Interview Summary at 1, U.S. Patent Application No. 14/855,813 (Dec. 2, 2016);
- Preliminary Amendment in Reissue Application at 1-12, U.S. Appl. No. 16/784,112 (Feb. 6, 2020);
- Reissue Application Declaration at 1-3, U.S. Appl. No. 16/784,112 (Feb. 6, 2020); Non-final Rejection at 1-6, U.S. Appl. No. 16/784,112 (July 7, 2021);
- Response to Office Action in Reissue Application at 1-12, U.S. Appl. No. 16/784,112 (July 20, 2021);
- Notice of Allowance & Notice of Allowability at 1-5, U.S. Appl. No. 16/784,112 (Aug. 11, 2021);
- Supplemental Preliminary Amendment at 1-9, U.S. Patent Application No. 15/467,867 (Apr. 19, 2017);
- Non-Final Rejection at 1-11, U.S. Patent Application No. 15/467,867 (Nov. 20, 2017);
- Response to Non-Final Office Action at 1-16, U.S. Patent Application No. 15/467,867 (May 21, 2018);
- Supplemental Amendment at 1-10, U.S. Patent Application No. 15/467,867 (June 21, 2018);
- Notice of Allowability at 1-4, U.S. Patent Application No. 15/467,867 (June 29, 2018);
- Examiner-Initiated Interview Summary at 1-2, Patent Application No. 15/467,867 (June 29, 2018);
- Preliminary Amendment at 1-8, U.S. Patent Application No. 18/481,170 (Oct. 4, 2023);
- Non-Final Rejection at 1-68, U.S. Patent Application No. 18/481,170 (June 20, 2024);
- Response to Office Action at 1-16, U.S. Patent Application No. 18/481,170 (Sept. 20, 2024);
- Examiner-Initiated Interview Summary at 1, U.S. Patent Application No. 18/481,170 (Sept. 29, 2024);
- Notice of Allowability at 1-4, Patent Application No. 18/481,170 (Sept. 29, 2024);
- Notice of Abandonment at 1, Patent Application No. 18/481,170 (Jan. 16, 2025);
- U.S. Patent No. 8,598,119;
- U.S. Patent No. 9,168,258;
- U.S. Patent No. 9,616,061;
- U.S. Patent No. 10,117,867;

**Exhibit B – Disputed Constructions and Evidence Identified Under Local Patent Rules 4.2(b) and 4.2(c)**

- U.S. Patent No. 10,702,522;
- U.S. Patent No. 6,548,493;
- U.S. Patent No. 6,552,017;
- U.S. Patent No. 6,713,471;
- U.S. Patent No. 7,071,186;
- U.S. Patent No. 7,081,455;
- U.S. Patent No. 7,183,282;
- U.S. Patent No. 7,238,690;
- U.S. Patent No. 7,645,752;
- U.S. Patent No. RE39,679;
- U.S. Patent No. RE39,680;
- WO 00/77002;
- US2004/0220178;
- Rebuttal intrinsic evidence—i.e., evidence in rebuttal to Plaintiff's proposed constructions, citations, arguments or materials.

2. **Extrinsic Evidence**

- U.S. Patent No. 7,183,282 ("Robichaud 2007") (DEFS-JOINT_0003494-575).
- Int'l Patent App. Pub. No. WO 2000/77002 ("Robichaud 2000") (DEFS-JOINT_0002908-3032).
- CAPLYTA® (lumateperone) Capsules Prescribing Information (revised June 2023) (DEFS-JOINT_0007158-82).
- A.J. Barbier et al., *Acute Wake-Promoting Actions of JNJ-5207852, A Novel, Diamine-Based H3 Antagonist*, 143 BRIT. J. PHARMACOLOGY 649 (2004) (DEFS-JOINT_0007183-95).
- Robert E. Davis et al., *ITI-007 Demonstrates Brain Occupancy at Serotonin 5-$HT_2A$ and Dopamine $D_2$ Receptors and Serotonin Transporters Using Positron Emission Tomography in Healthy Volunteers*, 232 PSYCHOPHARMACOLOGY 2863 (2015) (DEFS-JOINT_0007196-205).
- *4.10: Dose-Response Relationship: Selectivity and Specificity*, JOVE https://app.jove.com/science-education/v/14430/dose-response-relationship-selectivity-and-specificity (last visited June 25, 2025) (DEFS-JOINT_0007217).
- Timothy J. Maher, *Receptors and Drug Action*, in PRINCIPLES OF MEDICINAL CHEMISTRY 75-82 (William O. Foye et al. eds., 4th ed. 1995) (DEFS-JOINT_0007206-16).
- Simon K. Mencher & Long G Wang, *Promiscuous Drugs Compared to Selective Drugs (Promiscuity Can Be a Virtue)*, 5 BMC CLINICAL PHARMACOLOGY (2005) (DEFS-JOINT_0007218-24).
- MERRIAM-WEBSTER'S MEDICAL DESK DICTIONARY 732 (1996) (DEFS-JOINT_0007225-27).
- Michael J. Owens et al., *Second-Generation SSRIs: Human Monoamine Transporter Binding Profile of Escitalopram and R-Fluoxetine*, 50 BIOLOGICAL PSYCHIATRY 345 (2001) (DEFS-JOINT_0007228-33).

15

**Exhibit B – Disputed Constructions and Evidence Identified Under Local Patent Rules 4.2(b) and 4.2(c)**

- Bryan L. Roth et al., *Magic Shotguns Versus Magic Bullets: Selectively Non-Selective Drugs for Mood Disorders and Schizophrenia*, 3 NATURE REVS. DRUG DISCOVERY 353 (2004) (DEFS-JOINT_0007234-40).
- Kimberly E. Vanover et al., *Dopamine $D_2$ Receptor Occupancy of Lumateperone (ITI-007): A Positron Emission Tomography Study in Patients with Schizophrenia*, 44 NEUROPSYCHOPHARMACOLOGY 598 (2019) (DEFS-JOINT_0007241-48).
- Plaintiff's communications and documents relating to claim construction, including disclosures, discovery responses, letters, and communications and filings with the Court.
- Plaintiff's response to Defendants' invalidity contentions and Plaintiff's infringement contentions.
- Expert opinions and/or testimony by Dr. Craig Berridge regarding how a person of ordinary skill in the art would have read and understood the identified claim term based on the intrinsic and extrinsic evidence, including:
    - technical background of the Asserted Patents and claims;
    - qualifications and knowledge of one of ordinary skill in the art at the time of the alleged invention;
    - how a person of ordinary skill in the art would understand the claim term(s)/phrase(s) in context of pharmacology, neuropharmacology, and related fields, including, for example, testimony to shed light on relevant art to allow the court to understand the perspective that one skilled in the art brings to bear;
    - plaintiff's construction encompasses doses where there is not a meaningful difference in binding to 5-HT2A and other receptors and which the specification and prosecution history distinguish from the purported invention;
    - other claims in the patent family encompass plaintiff's proposed construction;
    - the patent specification supports defendants' construction, including, for example, by distinguishing between low, selective doses, and higher doses that result in a different binding profile;
    - statements made during the prosecution of related patent application(s) support defendants' construction, including, for example, the relationship between dose, selectivity, and treatment; and/or
    - the scientific literature supports that a POSA would understand "a dose which selectively blocks the 5-HT2A receptor" to require that the dose does not block another receptor or minimally blocks another receptor.
- Rebuttal extrinsic evidence—i.e., evidence in rebuttal to Plaintiff's proposed constructions, citations, arguments or materials.
- To the extent that any reference identified by Defendants in *supra* Ex. A § II.A.1 as intrinsic evidence is not considered intrinsic evidence, Defendants contend that such reference is extrinsic evidence.

16

**Exhibit B – Disputed Constructions and Evidence Identified Under Local Patent Rules 4.2(b) and 4.2(c)**

    **B.**    **Defendants' Identification of Intrinsic and Extrinsic Evidence in Opposition of Defendants' Proposed Construction**

        **1.**    **Intrinsic Evidence**

- The intrinsic evidence identified by Defendants in *supra* Ex. A § II.A.1.
- The intrinsic evidence identified by Plaintiff in *supra* Ex. A § I.A.1.

        **2.**    **Extrinsic Evidence**

- The extrinsic evidence identified by Defendants in *supra* Ex. A § II.A.2.
- The extrinsic evidence identified by Plaintiff in *supra* Ex. A § I.A.2.
- Delia Bishara & David Taylor, *Upcoming Agents for the Treatment of Schizophrenia: Mechanism of Action, Efficacy and Tolerability*, 68 DRUGS 2269 (2008) (DEFS-JOINT_0007302-0007325).
- Ichiro Kusumi et al., *Psychopharmacology of Atypical Antipsychotic Drugs: From the Receptor Binding Profile to Neuroprotection and Neurogenesis*, 69 PSYCHIATRY & CLIN. NEUROSCI. 243 (2014) (DEFS-JOINT_0007326-0007341).
- To the extent that any reference identified by Defendants in *supra* Ex. A § II.B.1 as intrinsic evidence is not considered intrinsic evidence, Defendants contend that such reference is extrinsic evidence.

**Exhibit C – Terms Defendants Have Identified as Indefinite, Briefing Deferred Until After *Markman* by Agreement**

| No. | Patent(s) / Claim(s) | Claim Term(s) |
|---|---|---|
| 1. | RE '839 patent, claims 1-7, 14-15, 27-28, 30-33, 35-36 | "a dose which selectively blocks the 5-HT$_{2A}$ receptor" |
| 2. | '995 patent, claims 1-14; '938 patent, claims 1, 3–5, 7, 8, 10-12; '227 patent, claims 1-8, 12, 15-22; '009 patent, claims 1-19; '951 patent, claims 1-24; '617 patent, claims 1-2, 5-7, 9-11, 14-17, 19-22, 25-32, 34; '155 patent, claims 1-27; RE '839 patent, claims 1-7, 14, 15, 27, 28, 30-33, 35, 36; '419 patent, claims 1-4; and '792 patent, claims 1-7, 13-14, 17-19, 21-24, 26, 28-35 | "effective amount" |
| 3. | '009 patent, claim 13 | "patient has previously not responded adequately to treatment with another antipsychotic agent" |
| 4. | '617 patent, claims 1-2, 5-7, 9-11, 14-17, 19-22, 25-32, 34; '792 patent, claims 19-24 | "acute depression" |
| 5. | '617 patent, claims 6, 20; '792 patent, claims 22-24 | "treatment resistant depression" |
| 6. | '617 patent, claim 9 | "sufficient to enhance mTOR signaling" |
| 7. | '617 patent, claim 10 | "sufficient to reduce neuroinflammation" |
| 8. | '617 patent, claim 15 | "has not responded adequately to" |
| 9. | '617 patent, claim 17 | "does not put the patient at risk . . . or does not result in hypertension within four hours" |
| 10. | '617 patent, claims 21, 25, 27 | "is alleviated within one week" |
| 11. | '617 patent, claims 14, 22, 26, 28 | "acute response" |
| 12. | '043 patent, claims 1-14, 16-19, 21, 23-25, 27-29; '459 patent, claim 15 | "capsule dissolves in 500 mL of 0.1N aqueous hydrochloric acid to the extent of at least 85% after 15 minutes, and/or to the extent of at least 92% after 30 minutes, and/or to the extent of at least 94% after 45 minutes." |
| 13. | '077 patent, claims 1-15 | "wherein said salt crystal exhibits an X-ray powder diffraction pattern comprising at least [two peaks] / [five peaks] having 2-theta values selected from the group consisting of 5.68°, 12.11°, 16.04°, 17.03°, 18.16°, 19.00°, 21.67°, 22.55°, 23.48° and 24.30°" |
| 14. | '077 patent, claim 4 | "wherein said salt crystal exhibits an X-ray powder diffraction pattern comprising peaks having the following D-spacing values: 15.543 Å, 7.303 Å, 5.520 Å, 5.202 Å, 4.882 Å, 4.668 |

**Exhibit C – Terms Defendants Have Identified as Indefinite, Briefing Deferred Until After *Markman* by Agreement**

| No. | Patent(s) / Claim(s) | Claim Term(s) |
|---|---|---|
|  |  | Å, 4.097 Å, 3.940 Å, 3.786 Å and 3.660 Å; or the following 2-theta values: 5.68°, 12.11°, 16.04°, 17.03°, 18.16°, 19.00°, 21.67°, 22.55°, 23.48° and 24.30°" |
| 15. | '077 patent, claim 5 | "wherein said salt crystal exhibits a Fourier transform infrared spectrometry band pattern comprising at least two bands selected from the group consisting of: 2952, 2824, 2581, 1687, 1617, 1599, 1506, 1328, 1231, 1162, 1010, 817, 681 and 569 wavenumber." |
| 16. | '077 patent, claims 6, 9 | "wherein said salt crystal exhibits a differential scanning calorimetry pattern comprising a peak temperature range of 180°-181° C." |
| 17. | '077 patent, claim 7 | "wherein said salt crystal exhibits a thermogravimetric analysis profile comprising two regions of weight loss with a total weight loss of 0.5% through 200° C." |
| 18. | '077 patent, claims 8, 22-23, 25-26 | "wherein said salt crystal exhibits . . . a differential scanning calorimetry pattern or a thermogravimetric analysis profile according to FIG. 8." / "wherein said salt crystal exhibits a thermogravimetric analysis profile according to FIG. 8." / "wherein said salt crystal exhibits a differential scanning calorimetry pattern according to FIG. 8." |